# EXHIBIT A

# TO NOTICE OF REMOVAL TO FEDERAL COURT

02447771-1

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| Approved, SCAO  1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NUMBER |
|---|---|---|
| 28th MISSAUKEE | JUDICIAL DISTRICT  JUDICIAL CIRCUIT  COUNTY | **SUMMONS** | 2025-11494 CZ |

**Court address**
111 S. CANAL STREET, PO BOX 800, LAKE CITY, MI 49651

**Court telephone number**
231-839-4967

**Plaintiff's name, address, and telephone number**
TREVOR VANHAITSMA
1370 N MOREY ROAD
LAKE CITY, MI 49651
NO PHONE

v

**Defendant's name, address, and telephone number**
JASON FROLENKO

**FILED**
28th Circuit Court
SEP 30 2025
Missaukee County

**Plaintiff's attorney bar number, address, and telephone number**
IN PRO PER

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 09/30/2025 | 12/30 2025 | Randall Des chief dep. |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)          Case Number 2025-11494 CZ

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

[x] I served [x] personally [ ] by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

[ ] I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Jay Frolenko | 10/25/25 - 10:00AM |

Place or address of service: 110 S. Pine ST. Lake City, MI 49651

Attachments (if any):

[x] I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

[ ] I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Signature: Wilbur Lancer

Name (type or print): Wilbur Lancer Jr.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)      Date and time

_____ on behalf of _____
Signature

Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

Trevor VanHaitsma
1370 N Morey Rd
Lake City, MI 49651

Date: 9-30-2025

Case 25-11494CZ

**Via Certified Mail**

To:
Officer Jason Frolenko

And To:
[Wil Yancer / Custodian of Records]

FILED
28th Circuit Court

SEP 3 0 2025

Missaukee County

## NOTICE OF PRESERVATION OF EVIDENCE

Dear Officer Frolenko and Custodian of Records:

This letter serves as **formal notice** that you, your agency, and any associated parties must **preserve all evidence** related to the incident occurring on **September 5, 2025**, at my residence located at **1370 N Morey Rd, Lake City, MI 49651**.

Specifically, you are hereby instructed **not to destroy, alter, conceal, overwrite, or otherwise tamper with any materials** relating to this incident, including but not limited to:

1. **All body-worn camera footage** from Officer Frolenko and any assisting officers.
2. **Dashcam recordings** from all vehicles present at or near the scene.
3. **Audio recordings** including dispatch calls, radio transmissions, or other communications.
4. All **incident reports, arrest reports, supplemental reports, or investigative documents** prepared by you or your agency regarding the incident.
5. Any **photographs or videos** taken of myself, my property, or my residence.
6. Any **internal communications, memoranda, or emails** relating to the incident.
7. All **use-of-force reports** or related documentation for the incident.

All **disciplinary records, citizen complaints, internal affairs investigations, or supervisory reviews** involving Officer Jason Frolenko that relate to:

- **Unlawful entry into a residence or property** without a warrant or valid consent;

- **Unlawful search or seizure** of persons, property, or digital devices;

- **Excessive force or coercion** in the course of law enforcement duties;

- **Failure to follow constitutional requirements**, including consent rules, knock-and-talk procedures, and warrant requirements.

8. Any **policies, manuals, or training materials** in effect on September 5, 2025, regarding knock-and-talk procedures, consent searches, or body-worn camera usage.

---

## Legal Basis

This notice is made pursuant to applicable rules of **civil procedure and federal law** under **42 U.S.C. §1983**. The duty to preserve evidence attaches when litigation is reasonably anticipated. Spoliation of evidence may result in severe **legal sanctions, including adverse inference instructions, monetary sanctions, or other remedies** imposed by the Court.

---

## Request for Confirmation

Please provide **written confirmation within 10 days** that you and your agency have taken steps to preserve the above-listed materials.

---

Failure to comply with this preservation request will be addressed through the appropriate **motions and remedies** in court.

Sincerely,

**Trevor VanHaitsma** *Trevor V 9/30/25*
Plaintiff, Pro Se

STATE OF MICHIGAN
28TH JUDICIAL CIRCUIT COURT
MISSAUKEE COUNTY

TREVOR VANHAITSMA,
Plaintiff,

v. Case No. 25-11494CZ

OFFICER JASON FROLENKO, individually,
Defendant.

### MOTION TO COMPEL PRODUCTION OF EVIDENCE

NOW COMES the Plaintiff, Trevor VanHaitsma, pro se, and moves this Court for an Order compelling the Defendant, Officer Jason Frolenko, and/or his employing agency to produce all evidence relating to the events of September 5, 2025, at Plaintiff's residence located at 1370 N Morey Rd, Lake City, MI. In support of this Motion, Plaintiff states as follows:

### FACTUAL BACKGROUND

1. On **September 5, 2025**, Defendant Officer Jason Frolenko unlawfully entered Plaintiff's home and property without a warrant, consent, or exigent circumstances.

2. Plaintiff has reason to believe that Defendant, his employing agency, or other related parties possess evidence directly relevant to Plaintiff's claims of **unlawful entry, search, seizure, coercion, burglary, conversion, and related constitutional violations**.

3. Plaintiff previously served a **Notice of Preservation** to Defendant and his agency to ensure retention of all recordings, reports, and related evidence.

### EVIDENCE REQUESTED

Plaintiff requests that Defendant and his agency produce the following:

FILED
28th Circuit Court

SEP 30 2025

Missaukee County

1. All **body-worn camera footage** and **dashcam footage** related to the September 5, 2025 incident.

2. All **audio communications**, including **dispatch recordings**, radio transmissions, or other recordings related to the incident.

3. All **incident reports, arrest reports, or supplemental reports** prepared by Defendant or his agency relating to the incident.

4. Any **photographs or videos** taken of Plaintiff, his residence, or his property during the incident.

5. Any **internal communications, memoranda, or emails** generated by Defendant or his agency regarding the incident.

6. Any **use-of-force reports** or related documentation filed by Defendant for the incident.

7. All **disciplinary records, complaints, or investigations** involving Defendant that relate to **unlawful entry, unlawful search, unlawful seizure, or excessive force.**

8. Any **policies, manuals, or training materials** in effect on September 5, 2025, concerning **knock-and-talk procedures, consent searches, or body-worn camera usage.**

## LEGAL BASIS

4. Pursuant to **Michigan Court Rules and applicable civil procedure**, parties are entitled to **discovery of all relevant evidence** to prepare their case for litigation.

5. The requested materials are **directly relevant** to Plaintiff's claims under **42 U.S.C. §1983** and related state and federal causes of action.

6. Failure to produce this evidence may constitute **spoliation**, for which the Court may impose **sanctions or adverse inferences**.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Order Defendant and his agency to produce all evidence listed above;**

B. **Set a reasonable deadline for production** of the requested evidence;

C. Grant any **other relief** that the Court deems just and proper, including **sanctions for failure to comply with discovery obligations.**

---

**Respectfully submitted,**

Trevor VanHaitsma  *TrVoV* 9/30/25
Plaintiff, Pro Se
1370 N Morey Rd
Lake City, MI 49651

# IN THE 28TH CIRCUIT COURT

# MISSUAKEE COUNTY, MICHIGAN

**TREVOR VANHAITSMA**
Plaintiff,

v. Case No. 25-11494CZ

Hon. Jason Elmore

**OFFICER JASON FROLENKO, individually,**

Defendant.

---

## COMPLAINT FOR VIOLATION OF FOURTH AMENDMENT RIGHTS

---

### INTRODUCTION

1. This is a civil action under 42 U.S.C. § 1983 for damages and equitable relief arising from Defendants' unlawful entry, trespass, search, and seizure of Plaintiff on September 5, 2025.

2. Defendant's conduct violated Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution, which protects individuals against warrantless entry into their homes, unlawful searches, seizures, and excessive shows of force.

3. Defendant acted without a warrant, valid consent, or exigent circumstances. Their conduct amounted to **breaking and entering, burglary, criminal trespass, unlawful detainment, fraud, and coercion**, as well as a violation of well-established constitutional precedent.

FILED
28th Circuit Court
SEP 30 2025
Missaukee County

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this action arises under the Constitution and laws of the United States.

5. Venue is proper in Missaukee County, Michigan, where the events giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

6. On September 5, 2025, Defendants approached Plaintiff's residence in Missaukee County at approximately 9:30 PM.

7. Plaintiff was asleep at the time, as no ordinary visitor would be expected at that hour.

8. The implied license underlying a "knock and talk" does not extend to late-night visits. See *Florida v. Jardines*, 569 U.S. 1 (2013); see also Michigan case law holding that late-night visits exceed the scope of a lawful knock and talk.

9. Defendants' presence on Plaintiff's property at 9:30 PM therefore constituted an **unlawful trespass** and invalidated the encounter from the outset.

10. Defendants further exceeded the scope of any license by trespassing into Plaintiff's backyard and climbing over his fence in search of evidence, violating the **plain view doctrine** and *Jardines*.

11. Defendant Frolenko purportedly relied on the "consent" of an intoxicated individual, Brandy, who was not present at the scene.

12. Plaintiff, who was physically present, expressly withheld consent.

13. Under *Georgia v. Randolph*, 547 U.S. 103 (2006), and *Fernandez v. California*, 571 U.S. 292 (2014), consent of one occupant is insufficient when another physically present occupant refuses.

14. Plaintiff's refusal was dispositive, rendering Brandy's alleged consent invalid.

15. Defendant's entry into Plaintiff's home and curtilage was therefore unlawful and without constitutional justification.

16. Plaintiff was seized when his freedom of movement was restrained, despite the absence of probable cause or exigent circumstances. See *United States v. Brignoni-Ponce*, 422

U.S. 873 (1975).

17. Any evidence Defendant attempted to obtain was "fruit of the poisonous tree" stemming from their unlawful entry and seizure. See *California v. Hodari D.*, 499 U.S. 621 (1991).

18. Defendant also sought to search Plaintiff's cell phone, which is protected from warrantless search under *Riley v. California*, 573 U.S. 373 (2014).

19. During the encounter, the accompanying Michigan State Police officer kept a rifle in his passenger seat in plain view, creating the impression that Defendants anticipated violence and were prepared to use deadly force.

20. This **excessive show of force** escalated the situation, causing Plaintiff severe fear for his life and mental distress.

21. Plaintiff has since been unable to reside safely in his home, forcing him to relocate, suffer housing instability, and endure ongoing trauma.

22. Defendant's conduct mirrored recognized crimes, including breaking and entering, burglary, criminal trespass, unlawful detainment, fraud, and coercion.

23. Defendant acted willfully, knowingly, and with reckless disregard for Plaintiff's constitutional rights.

---

## CLAIM FOR RELIEF

**Violation of the Fourth Amendment under 42 U.S.C. § 1983**

24. Plaintiff re-alleges all preceding paragraphs.

25. Defendant unlawfully entered Plaintiff's property and home without a warrant, valid consent, or exigent circumstances, in violation of the Fourth Amendment.

26. Defendant unlawfully seized Plaintiff without probable cause or judicial authorization.

27. Defendant attempted to unlawfully search Plaintiff's personal property, including his cell phone, in violation of clearly established precedent.

28. Defendant trespassed into Plaintiff's curtilage, climbed over his fence, and exceeded the scope of any implied license under the knock-and-talk doctrine.

29. Defendants' conduct constituted an **excessive show of force**, escalating the encounter without justification.

30. Defendants' actions were not the result of mistake or negligence, but of deliberate circumvention of the Fourth Amendment.

31. Defendants' conduct violated clearly established law, of which any reasonable officer would have been aware.

32. Defendants are therefore **not entitled to qualified immunity**.

## DAMAGES

33. Plaintiff has suffered and continues to suffer:

- Severe emotional distress, psychological trauma, and fear for his life.

- Loss of enjoyment and use of his home due to being forced to vacate under threat of unlawful police intrusion.

- Relocation expenses and housing instability.

- Ongoing fear of retaliation, unlawful arrest, and bodily harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Enter judgment in favor of Plaintiff and against Defendants.

2. Award **compensatory damages** for emotional distress, loss of enjoyment of home, relocation costs, and ongoing trauma.

3. Award **punitive damages** against Defendants for willful and malicious violations of Plaintiff's rights.

4. Issue **declaratory relief** that Defendants' actions violated Plaintiff's Fourth Amendment rights.

5. Issue **injunctive relief** prohibiting Defendants from engaging in further unlawful searches, seizures, or harassment of Plaintiff without a valid warrant, consent, or exigent circumstances.

6. Deny **qualified immunity** to Defendants.

7. Award Plaintiff costs, fees, and attorney's fees under 42 U.S.C. § 1988.

8. Grant such other and further relief as the Court deems just and proper.

---

Respectfully submitted,

Trevor VanHaitsma   *Trevor TVH*   9/30/25
Plaintiff, Pro Se

1370 N MOREY RD

LAKE CITY MI 49651